## STERNBERG, WEIL, & COMPANY v. JAMES A. LARSON & COMPANY.

(127 N. W. 993.)

**Appeal and Error — Abstract — Specification of Error — Statement of Case.**

The abstract on appeal must embody all material parts of the record, to the end that this court may have before it for convenient reference everything essential to a proper understanding of the questions involved. Only in exceptional cases will this court explore the original record for the purpose of supplying deficiencies in the abstract. Specifications of error are a vital part of the statement of case and, unless abstracted, such statement will be disregarded. No errors having been assigned on the judgment roll proper, and the abstract not embodying any specifications, *held*, there is nothing properly before us for review.

Opinion filed September 14, 1910.

Appeal from District Court, Rolette county; *John F. Cowan*, J.

Action by Sternberg, Weil, & Company against James A. Larson & Company. From a judgment in plaintiffs' favor, defendants appeal. Affirmed.

*L. 'D. Gooler* and *R. Goer,* for appellants.
*Bowen & Adams,* for respondents.

FISK, J.   The judgment appealed from must be affirmed for the following reasons:   The statement of case as set out in appellants' abstract fails to disclose any specifications of error upon which appellants intend to rely.   The specifications are a vital part of the statement, and without them such statement must be disregarded.   This is the settled practice in this state and is prescribed both by statute and the rules of this court.   Whether the statements as incorporated in the original record contains the necessary specifications is immaterial.   Only in exceptional cases will this court explore the original record for the purpose of supplying deficiencies in the abstract.   Such abstract should embody all material portions of the record, to the end that this court may have before it for convenient and ready reference everything essential to a proper understanding of the questions involved.   No errors are assigned upon the judgment roll proper.   Hence, there is nothing properly before us for review.

Notwithstanding the condition of the abstract, as above stated, we have examined the record sufficiently to satisfy us that no prejudicial error was committed in the court below, and that substantial justice was done.   That the goods, to recover the purchase price of which this action is prosecuted, were purchased for defendants by one O'Mala, who had the management of defendants' store, with authority to purchase goods, and that such purchase price has not been paid, are, apparently, uncontroverted facts in the case.   All that defendants attempted to prove was that Larson, one of the defendants, had the active management of the business of the firm in charge, and that he never authorized O'Mala to purchase goods "on time."   Such attempted defense is without merit in the light of the undisputed facts in the case.

Judgment affirmed.

All concur, except MORGAN, Ch. J., not participating.